UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DERRICK SWEETING,
    Plaintiff,

vs.

WARDEN RICHARD ERDOS, *et al.*,
    Defendants.

Case No. 1:20-cv-290

Dlott, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action against defendants Warden Richard Erdos, Officer Welch Wes, Inspector Linnea Mahlman, Warden Larry Greene, and Chief Inspector Assistant Hanyida. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff alleges that defendant Officer Welch Wes used excessive force against him by spraying him with mace two times. (Doc. 1-1, Complaint at PageID 11). According to plaintiff, Wes falsely justified the use of force by stating that plaintiff attempted to throw something at him. Plaintiff alleges that he received a Rules Infraction Board (RIB) ticket in response to the incident. He further alleges that he appealed the decision finding him guilty and utilized the grievance procedure in connection with the incident. Plaintiff claims that defendants Erdos, Greene, Mahlman, and Hanyida failed to correct the issue.

For relief plaintiff seeks injunctive relief as well as monetary damages. (*Id*. at PageID 12).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his excessive force claim against defendant Officer Welch Wes. However, plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

As an initial matter, to the extent that plaintiff seeks to hold defendants Erdos, Greene,

3

Mahlman, and Hanyida liable in connection with his RIB proceedings or based on the grievance process, these claims must be dismissed.

Plaintiff fails to state a viable constitutional claim under the Fourteenth Amendment in connection with the RIB hearing, because the challenged disciplinary actions did not amount to a deprivation of a constitutionally protected liberty interest. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court held that the Fourteenth Amendment confers on prisoners only a "limited" liberty interest "to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or which "will inevitably affect the duration of his sentence." *Sandin*, 515 U.S. at 484, 487; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Williams v. Wilkinson,* 51 F. App'x 553, 556 (6th Cir. 2002). The Sixth Circuit has held that confinement in segregation generally does not rise to the level of an "atypical and significant" hardship implicating a liberty interest except in "extreme circumstances, such as when the prisoner's complaint alleged that he is subject to an *indefinite* administrative segregation" or that such confinement was excessively long in duration. *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008)) (emphasis in original); *see also Harris v. Caruso,* 465 F. App'x 481, 484 (6th Cir. 2012) (holding that the prisoner's 8-year confinement in segregation was of "atypical duration" and thus "created a liberty interest that triggered his right to due process"). *Cf. Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (ruling that an inmate's transfer to Ohio's "supermax" prison "imposes an atypical and significant hardship" given the combination of extreme isolation of inmates, prohibition of almost all human contact, indefinite duration of assignment, and disqualification for parole consideration of otherwise

4

eligible inmates).

Here, plaintiff has not alleged that the challenged disciplinary proceedings resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life. Moreover, plaintiff has not alleged any facts to suggest that he was subjected to a lengthy disciplinary placement amounting to an atypical or significant hardship that would trigger constitutional concerns. Accordingly, because plaintiff does not have a protected liberty interest under the circumstances alleged herein, any claim against defendants for their conduct in the disciplinary proceedings fails to state a cognizable federal claim under the Fourteenth Amendment's Due Process Clause.[1]

Plaintiff's claims brought in connection with his grievances also cannot give rise to a § 1983 claim because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug.03, 1998) (citations omitted). Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984).

---

1 Plaintiff has also not stated a constitutional claim to the extent he has alleged that Wes wrote a false conduct report against him. Erroneous or even fabricated allegations of misconduct by an inmate, standing alone, do not constitute a deprivation of a constitutional right. *See, e.g., Reeves v. Mohr*, No. 4:11cv2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) (and cases cited therein) (holding that the prisoner failed to state a claim upon which relief may be granted to the extent that he claimed he had "a constitutional right to be free from false accusations"). "A constitutional violation may occur, if as a result of an accusation, the Plaintiff was deprived of a liberty interest without due process." *Reeves, supra*, 2012 WL 275166, at *2 (citing *Sandin v. Conner*, 515 U.S. 472, 485 (1995)). However, as noted above, plaintiff's allegations are insufficient to trigger constitutional concerns because he has not alleged any facts even remotely suggesting that the challenged disciplinary action deprived him of a protected liberty interest.

5

Therefore, plaintiff's claims that Erdos, Greene, Mahlman, and Hanyida improperly denied his appeal or failed to respond to his grievances should be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's failure to protect claims against these defendants should also be dismissed. In order to state an Eighth Amendment claim against prison officials based on their failure to protect him from an attack, plaintiff must allege facts showing that defendants' conduct amounted to "deliberate indifference" to a known risk of harm to plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *see also Vaughn v. Ricketts*, 859 F.2d 736, 741 (9th Cir. 1988) (finding that a prison administrator's indifference to brutal behavior of guards towards inmates is sufficient to state an Eight Amendment claim), *overruled on other grounds by Koch v. Ricketts*, 68 F.3d 1191 (9th Cir. 1995). A prison official may be held liable for his failure to protect inmates from attacks only if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Plaintiff has not alleged facts that plausibly suggest that any defendant was aware that defendant Wes presented a substantial risk of harm to plaintiff much less that any defendant was deliberately indifferent to his safety. Accordingly, plaintiff's failure to protect claim must also be dismissed.

Accordingly, in sum, plaintiff may proceed with his excessive force claim against defendant Officer Welch Wes. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). However, plaintiff has failed to provide summons and U.S. Marshal forms for service. It is therefore **ORDERED** that plaintiff, **within thirty (30) days** of the date of this Order, submit a completed summons and U.S. Marshal form for service on defendant Officer Welch Wes. Once the Court receives the

requested summons and United States Marshal forms, the Court will order service of process by the United States Marshal.

Having found that the remaining allegations in the complaint fail to state a claim upon which relief may be granted, plaintiff's remaining claims should be dismissed.

### IT IS THEREFORE RECOMMENDED THAT:

The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's excessive force claim against defendant Wes.

### IT IS THEREFORE ORDERED THAT:

Plaintiff, **within thirty (30) days** of the date of this Order, submit a completed summons and U.S. Marshal form for service on defendant Wes. Once the Court receives the requested summons and United States Marshal form, the Court will order service of process by the United States Marshal.

Date: 4/22/2020

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DERRICK SWEETING,
    Plaintiff,

vs.

WARDEN RICHARD ERDOS, *et al.*,
    Defendants.

Case No. 1:20-cv-290

Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).