**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DERRICK SWEETING,
     Plaintiff,

     vs

WARDEN RICHARD
ERDOS, et al.,
     Defendants.

Case No. 1:20-cv-290

Dlott, J.
Litkovitz, M.J.

**REPORT AND**
**RECOMMENDATION**

Plaintiff has filed a pro se prisoner civil rights action pursuant to 28 U.S.C. § 1983 in this

Court.   On April 23, 2020, the undersigned issued an Order and Report and Recommendation,

permitting plaintiff to proceed with his Eighth Amendment excessive force claim against

defendant Officer Welch Wes.   (Doc. 5).   The undersigned recommended that plaintiff's

complaint be dismissed as to defendants Erdos, Mahlman, Greene, and Hanyida for failure to

state a claim upon which relief may be granted.   Specifically, plaintiff failed to state a viable

claim to the extent that he sought to hold these defendants liable in connection with his Rules

Infraction Board proceedings or the grievance process.   Furthermore, it was recommended that

his failure to protect claims against these defendants be dismissed because plaintiff failed to

allege facts suggesting that any defendant was aware that defendant Wes presented a substantial

risk of harm to plaintiff much less that any defendant was deliberately indifferent to his safety.

(*Id.* at PageID 51–54).

Plaintiff has now filed a motion to amend, as well as memoranda of law and objections.

(Doc. 6–9).   In plaintiff's filings, plaintiff reasserts his claims against all defendants named in

the original complaint.   Plaintiff argues that "the plaintiff wrote [defendants] informal

complaint, grievance, appeal grievance about the excessive force claim against Officer Welch

Wes they responsible because they were aware and they all responded."  (*See* Doc. 9 at PageID 76).   However, as noted in the April 23, 2020 Report and Recommendation, prison officials whose only roles "involved their denial of administrative grievances and their failure to remedy the alleged [unconstitutional behavior" cannot be liable under § 1983  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).   Furthermore, plaintiff has not alleged any additional facts that would enable the Court to reasonably conclude that any named defendant was aware that defendant Wes presented a risk of harm to plaintiff prior to the alleged incident or were otherwise deliberately indifferent to his safety.

The amended complaint does not cure the deficiencies set forth in the Court's April 23, 2020 Report and Recommendation.   Accordingly, plaintiff's motion to amend the complaint should be denied.

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's motion to amend the complaint (Doc. 7) be **DENIED.**

Date: 5/15/2020

Karen L. Litkovitz
Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DERRICK SWEETING,                                    Case No. 1:20-cv-290
     Plaintiff,

                                       Dlott, J.
  vs                                                   Litkovitz, M.J.

WARDEN RICHARD
ERDOS, et al.,
     Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written

objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after

being served with a copy thereof.   That period may be extended further by the Court on timely

motion by either side for an extension of time.   All objections shall specify the portion(s) of the

R&R objected to, and shall be accompanied by a memorandum of law in support of the

objections.   A party shall respond to an opponent's objections within **FOURTEEN DAYS** after

being served with a copy of those objections.   Failure to make objections in accordance with this

procedure may forfeit rights on appeal.   *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States*

*v. Walters,* 638 F.2d 947 (6th Cir. 1981).