# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DERRICK SWEETING,  
    Plaintiff,

vs.

OFFICER WELCH WES, et al.,  
    Defendants.

Case No. 1:20-cv-290  
Black, J.  
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's motions for transfer from the Southern Ohio Correctional Facility (SOCF) to the Ohio State Penitentiary (OSP) (Doc. 32) and for a temporary restraining order (Doc. 35).

Plaintiff's motion for a transfer to OSP alleges that prison staff failed to wear a mask while conducting plaintiff's Rules Infraction Board hearing. (Doc. 32). Plaintiff seeks an injunction ordering his transfer to OSP pending the disposition of these lawsuits. (*Id.*). The Court construes plaintiff's motion as one seeking a preliminary injunction. Plaintiff's motion for a temporary restraining order alleges that his request for protective custody was denied on the basis that protective custody is not available to an inmate who seeks a separation from prison staff. (Doc. 35).

In determining whether to issue a temporary restraining order/preliminary injunction, this Court must balance the following factors:

> 1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;
> 2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
> 3. Whether an injunction will cause others to suffer substantial harm; and
> 4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228

F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other grounds by Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012) (en banc).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distribs. of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

Plaintiff has not alleged facts sufficient to warrant a temporary restraining order/ preliminary injunction in this case. Plaintiff has made no attempt to apply the above factors to his situation. His allegations in support of his motions are conclusory. Plaintiff's unsworn

allegations do not establish a substantial likelihood of success on the merits of his underlying lawsuit or that he will suffer irreparable harm absent a preliminary injunction. In the event plaintiff succeeds on the merits of his claims, equitable relief is available to correct any ongoing constitutional harms plaintiff alleges.

Accordingly, it is **RECOMMENDED** that plaintiff's motions for preliminary injunction/temporary restraining order (Docs. 32, 35) be **DENIED.**

Date: 11/16/2020

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DERRICK SWEETING,  
    Plaintiff,

vs.

OFFICER WELCH WES, et al.,  
    Defendants.

Case No. 1:20-cv-290  
Black, J.  
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4