**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| DERRICK SWEETING, <br>     Plaintiff, <br><br> vs. <br><br> OFFICER WELCH WES, et al., <br>     Defendants. | Case No. 1:20-cv-290 <br> Dlott, J. <br> Litkovitz, M.J. <br><br><br> **ORDER** |

This matter is before the Court on plaintiff's motion for the appointment of counsel (Doc. 36), motion for declaration of appointment of counsel (Doc. 37), and defendant's memorandum in opposition to plaintiff's motions (Doc. 39).  The Court previously denied plaintiff's motion for appointment of counsel.  (Doc. 21).

The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs.  The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances.  *Id*. at 605-06.  *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).  Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf.  The Court makes every effort to appoint counsel in those cases that proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation.  No such circumstances appear in this case.  Plaintiff's motions for appointment of counsel and declaration of appointment of counsel (Docs. 36, 37) are therefore **DENIED**.

    **IT IS SO ORDERED.**

Date  11/25/2020

                                                    Karen L. Litkovitz
                                                    United States Magistrate Judge