# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DERRICK SWEETING,
     Plaintiff,

     vs.

WESLEY WELCH,
     Defendant.

Case No. 1:20-cv-290
Dlott, J.
Litkovitz, M.J.

**ORDER AND REPORT AND
RECOMMENDATION**

Plaintiff Derrick Sweeting, an inmate at the Southern Ohio Correctional Facility (SOCF), filed this pro se prisoner civil rights action under 42 U.S.C. § 1983 against Warden Richard Erdos, the Warden's Administrative Assistant Larry Green, Wesley Welch,[1] Inspector Linnea Mahlman, and Chief Inspector Assistant Hanyida. Only plaintiff's Eight Amendment excessive force claim against Welch remains pending. (*See* Doc. 5 at PAGEID 55, Doc. 20).[2] This matter is before the Court on defendant's motion for summary judgment (Doc. 64) and plaintiff's response (Doc. 67).

Prior and subsequent to defendant's motion for summary judgment, plaintiff filed a host of miscellaneous motions:

- "Plaintiff Request that Defendants Wesley Welch, Hanyida, Release their Public Record[s] and Background history" (Doc. 43)
- "Order To Show Cause By Plaintiff Request that Defendants Release their Public Record[s] Background History for Wesley Welch, Hanyida" (Doc. 44)
- A letter motion (Doc. 45) requesting a ruling on several prior motions (Docs. 38, 31, 32) and transfer from SOCF
- A letter motion (Doc. 51) for an extension of time to respond to this Court's November 16, 2020 Report and Recommendation (Doc. 38)
- A letter motion (Doc. 54) asking the Court to "Re-File" what the Court has previously construed as a motion to compel and denied (*see* Docs. 34, 42)
- "Motion Authorization For [Ohio Attorney General Dave Yost] to Appear Civil Rule (4)A" (Doc. 55)

---

[1] Although the docket reflects remaining defendant as "Officer Welch Wes," defendant's filings refer to himself as "Wesley Welch." (*See, e.g.,* Doc. 64 at PAGEID 335).

[2] Plaintiff's attempt to amend his complaint was unsuccessful. (*See* Docs. 10, 16).

- A letter motion (Doc. 56), which appears to request the Court to serve discovery (Docs. 28, 31) on defendant's counsel and to "ReFile" what the Court previously construed as a motion to compel and denied (*see* Docs. 34, 42)
- A letter motion (Doc. 62) requesting both a transfer from SOCF and a ruling on what plaintiff styled a "Declaration For Entry By Plaintiff" (Doc. 57) (plaintiff's declaration), which in turn appears to raise a host of new claims against SOCF staff
- A letter motion (Doc. 68) seeking a "fraud investigation" into SOCF cashiers stealing funds from plaintiff's account

Defendant's only response to these motions was a motion to strike (Doc. 58) plaintiff's letter motion (Doc. 56) and declaration (Doc. 57).

**I. Plaintiff's motions: Document numbers 43, 44, 54, 55, 68**

In "Plaintiff Request that Defendants Wesley Welch, Hanyida, Release their Public Record[s] and Background history" (Doc. 43), plaintiff appears to request defendant's and former defendant Hanyida's entire personnel files as well as the Use of Force and conduct reports associated with the alleged excessive force incident. (*Id.* at PAGEID 247-48). Hanyida has been dismissed from this lawsuit (*see* Docs. 5, 20) and defendant provided the two requested reports in support of his motion for summary judgment. (*See* Doc. 64-2 at PAGEID 368-384). To the extent plaintiff's motion pertains to Hanyida and these two reports, it is therefore moot. To the extent plaintiff seeks production of defendant's personnel file, the motion is denied based on plaintiff's failure to show compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Pursuant to Fed. R. Civ. P. 37, motions to compel discovery must include a certification that extrajudicial attempts have been made to secure responses to discovery requests. Rule 37(a)(1) provides, in relevant part:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion *must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery* in an effort to obtain it without court action.

2

Fed. R. Civ. P. 37(a)(1) (emphasis added). Similarly, S.D. Ohio Civ. R. 37.1 provides that motions relating to discovery "shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences."

There is no indication from plaintiff's motion that he first served this request for discovery on defendant through counsel pursuant to Fed. R. Civ. P. 33, 34, that defendant refused to comply with such request, or that the parties attempted to resolve any dispute prior to the filing of the motion. Before plaintiff may file any motions in court seeking to compel discovery, he must contact counsel for defendant in an attempt to resolve the disputed discovery items. Plaintiff must also include in any motion to compel discovery a certification setting forth the extrajudicial means which have been attempted to resolve differences. Because plaintiff failed to do so in this case, his motion to compel the production of defendant's personnel file (Doc. 43) is **DENIED**. Moreover, plaintiff's "Order to Show Cause by Plaintiff Request that Defendants Release their Public Record[s] Background History for Wesley Welch, Hanyida" (Doc. 44) effectively reiterates the requests for defendant's personnel file. For the reasons set forth above, this motion is also denied.

Plaintiff's letter motion (Doc. 54), in which he asks the Court to "Re-File" what it has previously construed as a motion to compel and denied (*see* Docs. 34, 42) will be denied for the same reasons as stated in the Court's prior order. (*See* Doc. 42 at PAGEID 246). Plaintiff's "Motion Authorization For [Ohio Attorney General Dave Yost] to Appear Civil Rule (4)A" (Doc. 55), which the Court construes as a motion for appointment of counsel, will also be denied. Attached to this motion is a letter addressed to Ohio Attorney General Dave Yost, which appears to solicit his representation. Aside from the conflict of interest presented by the Ohio Attorney General's office's representation of defendant, the law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who

might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id*. at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case.

Finally, plaintiff's letter motion (Doc. 68) seeking a "fraud investigation" into SOCF cashiers allegedly stealing funds from his account will be denied. Plaintiff cites no authority by which the Court could engage in investigatory action or other law enforcement functions on plaintiff's behalf.

## II. Defendant's motion for summary judgment

### A. Factual Background

In support of his motion for summary judgment, defendant has submitted his own declaration (Doc. 64-3); Greene's declaration (Doc. 64-1) accompanied by the Rules Infraction Board (RIB) records concerning the excessive force incident at issue (*id.* at PAGEID 354-65), for which he is the custodian; Deputy Warden Cynthia Davis's declaration (Doc. 64-2) accompanied by the Use of Force (UOF) report at issue (*id.* at PAGEID 368-84), for which she is the custodian; Tyler Parish's declaration (Doc. 64-4), who was a corrections officer at the time of the alleged excessive force incident; and a video recording (received by the Clerk of Court's office on March 29, 2021) that captures the alleged excessive force incident at issue. Plaintiff

has submitted no evidence in support of his opposition to defendant's motion, and the Court therefore derives the following facts from defendant's evidence.

On August 17, 2019, defendant was employed as a corrections officer at SOCF. (Doc 64-3, PAGEID 385 at ¶ 3). That afternoon, he was performing cell searches in the K4 block, where plaintiff was then housed, with Parish and other members of the Special Response Team. (*Id.*, PAGEID 385-86 at ¶¶ 4-7).

Plaintiff was being disorderly and causing a disruption by yelling, and Parish and approached plaintiff's cell to ask why. (*Id.*, PAGEID 386 at ¶ 7; Doc. 64-4, PAGEID 387 at ¶ 5). Defendant and Parish ordered plaintiff to come to the cell front for a strip search. (Doc. 64-3, PAGEID 386 at ¶ 8; Doc. 64-4, PAGEID 387 at ¶ 5). Plaintiff refused to comply with the order, grabbed a bottle from his cell, and yelled "fuck you bitches." (*Id.*). Anticipating that plaintiff would spray an unknown substance on himself and Parish, defendant deployed a short burst of oleoresin capsicum (OC) spray toward plaintiff's face. (Doc. 64-3, PAGEID 386 at ¶ 9; Doc. 64-4, PAGEID 387 at ¶ 5). Thereafter, plaintiff was compliant with the strip and cell searches. (Doc. 64-3, PAGEID 386 at ¶ 10; Doc. 64-4, PAGEID 387 at ¶ 5).

Defendant and Parish stated that the OC spray was necessary "to preserve the safety and security of the institution" upon plaintiff's disobedience of a direct order and threatening behavior. They also stated that an inmate's failure to comply with a cell search risks harm to other inmates and SOCF staff and further disruptive behavior. (Doc. 64-3, PAGEID 386 at ¶ 12; Doc. 64-4, PAGEID 388 at ¶ 5). Parish also stated that the likely alternative to OC spray would have been a physical cell extraction, which posed a greater risk of danger to plaintiff and SOCF staff. (Doc. 64-4, PAGEID 388 at ¶ 6).

5

Plaintiff was charged with violating several prison rules. The RIB records concerning the alleged excessive force incident reflect that plaintiff pleaded guilty to violating inmate rule of conduct 21 (disobedience of a direct order).[3]  (Doc. 64-1 at PAGEID 355).  The RIB also found plaintiff guilty of violating rule 7 (throwing any other liquid or material on or at another), rule 26 (disrespect to an officer, staff member, visitor or other inmate), and rule 61 (any violation of any published institutional rules, regulations or procedures).  (*Id.* at PAGEID 358).  The RIB's decision was upheld on appeal.  (*Id*. at PAGEID 361).

### B.  Summary Judgment Standard

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  A grant of summary judgment is proper unless the nonmoving party "establish[es] genuinely disputed material facts by 'citing to particular parts of materials in the record . . . or . . .  showing that the materials cited do not establish the absence . . . of a genuine dispute.'"  *United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 403 (6th Cir. 2019) (quoting Fed. R. Civ. P. 56(c)(1)).  The Court must evaluate the evidence, and all inferences drawn therfrom, in the light of most favorable to the non-moving party.  *Satterfield v. Tenn.*, 295 F.3d 611, 615 (6th Cir. 2002); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enters.*, *Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

[3] *See* Ohio Admin. Code § 5120-9-06 (codifying inmate rules of conduct).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). However, "[f]acts that are not blatantly contradicted by [the evidence] remain entitled to an interpretation most favorable to the non-moving party." *Coble v. City of White House, Tenn.*, 634 F.3d 865, 870 (6th Cir. 2011). "In response to a properly supported summary judgment motion, the non-moving party 'is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Maston v. Montgomery Cnty. Jail Med. Staff Pers.*, 832 F. Supp. 2d 846, 849 (S.D. Ohio 2011) (quoting *Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).

Because plaintiff is a pro se litigant, his filings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings). However, a party's status as a pro se litigant does not alter the party's duty on a summary judgment motion to support his factual assertions with admissible evidence. *Maston*, 832 F. Supp. 2d at 851-52 (citing *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir.

7

2010)).  When opposing a motion for summary judgment, a pro se party cannot rely on allegations or denials in unsworn filings.  *Id.* (citing *Viergutz*, 375 F. App'x at 485).

### C.  Discussion

Defendant argues that the use of force at issue in this case did not violate the Eighth Amendment because it was appropriate and proportional under the circumstances.  As such, defendant argues that he is also entitled to qualified immunity.

Plaintiff's Eighth Amendment claim is brought under 42 U.S.C. § 1983, which prohibits any person "under color of any statute, ordinance, regulation, custom, or usage, of any State" from depriving a United States citizen "of any rights, privileges or immunities secured by the constitution and laws."  To prevail on a § 1983 claim, plaintiff must demonstrate "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law."  *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)).

A convicted prisoner's right to be free from the use of excessive force by prison officials is governed by the Eighth Amendment.  *Whitley v. Albers*, 475 U.S. 312, 327 (1986).  The "core judicial inquiry" whenever a prison official stands accused of using excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)); *see also Roberson v. Torres*, 770 F.3d 398, 406 (6th Cir. 2014) (quoting *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (defendant corrections officers applied force—spraying the prisoner with pepper spray—in a "good-faith effort to

maintain or restore discipline, not to maliciously cause pain," where the prisoner repeatedly

disobeyed the defendants' direct orders to "sit cross-legged on his bunk and face the wall.")).

An Eighth Amendment claim has both objective and subjective components. *Cordell v.*

*McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (citing *Santiago v. Ringle*, 734 F.3d 585, 590 (6th

Cir. 2013)). The subjective component focuses on "whether force was applied in a good faith

effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.*

(quoting *Hudson*, 503 U.S. at 7). *See also Wilkins*, 559 U.S. at 37. In making this inquiry, the

Court should consider the need for the use of force, the relationship between that need and the

type and amount of the force used, the threat reasonably perceived by the official, the extent of

the injury inflicted, and any efforts made to temper the severity of a forceful response. *See*

*Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 319-21. The inmate is not required to suffer a

serious injury, but the extent of his injuries may be considered in determining whether the force

used was wanton and unnecessary. *Wilkins*, 559 U.S. at 38-40; *Hudson*, 503 U.S. at 7.

The objective component requires the "pain inflicted to be 'sufficiently serious'" to

offend "contemporary standards of decency." *Cordell*, 759 F.3d at 580 (quoting *Williams v.*

*Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Hudson*, 503 U.S. at 8). "The Eighth Amendment's

'prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional

recognition *de minimis* uses of physical force, *provided that the use of force is not of a sort*

*repugnant to the conscience of mankind.*" *Smith v. Bigham*, No. 1:17-cv-128, 2018 WL

2100518, at *6 (S.D. Ohio May 7, 2018), *report and recommendation adopted*, 2018 WL

2735648 (S.D. Ohio June 7, 2018) (emphasis in original) (quoting *Wilkins*, 559 U.S. at 37-38).

But "the *de minimis* inquiry is based on the *nature of the force* rather than the extent of the

injury." *Montgomery v. Whitman*, No. 2:19-cv-129, 2020 WL 5250461, at *4 (S.D. Ohio Sept. 3, 2020) (emphasis added) (quoting *Wilkins*, 559 U.S. at 34).  "While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." *Cordell*, 759 F.3d at 580-81 (citing *Wilkins*, 559 U.S. at 37).  "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident.  Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.* at 581 (internal quotations omitted) (quoting *Hudson*, 503 U.S. at 9).  "[T]he key inquiry is whether the force was objectively unreasonable in the circumstances." *Bullocks v. Hale*, 478 F. Supp. 3d 639, 647 (S.D. Ohio 2020), *aff'd*, No. 20-3428, 2021 WL 1578198 (6th Cir. Mar. 1, 2021).

For an Eighth Amendment claim to survive through the summary judgment stage, "the prisoner must satisfy *both* [the] objective and a subjective component[s]." *Brevaldo v. Muskingum Cnty. Sheriff's Off.*, No. 2:18-cv-446, 2020 WL 264352, at *5 (S.D. Ohio Jan. 17, 2020), *report and recommendation adopted*, 2020 WL 6536475 (S.D. Ohio Nov. 6, 2020) (emphasis added) (quoting *Rafferty v. Trumbull Cnty., Ohio*, 915 F.3d 1087, 1093 (6th Cir. 2019)).

Defendant has presented uncontroverted evidence that plaintiff was combative, causing a disturbance, and disobeying a direct order just prior to being sprayed with OC spray by defendant.  (Def.'s Decl., Doc. 64-3, PAGEID 386 at ¶¶ 7-9; Parish Decl., Doc 64-4, PAGEID 387 at ¶ 5).  Courts have found the tailored use of chemical agents objectively reasonable in circumstances involving threatening or aggressive behavior.  *See, e.g., Roberson*, 770 F.3d at 406 ("the use of . . . chemical agents against recalcitrant prisoners d[oes] not violate the Eighth Amendment") (internal quotation marks and citation omitted); *Thomas v. Greene*, 201 F.3d 441

10

(6th Cir. 1999) (Table) (soaking a plaintiff's back side with mace was objectively reasonable where the plaintiff "was threatening and uncooperative throughout the [use of force] incident[.]"). *See also Jeter v. Ohio Dep't of Rehab. & Corr.*, No. 1:17-cv-756, 2019 WL 5066851, at \*6 (S.D. Ohio Oct. 9, 2019), *report and recommendation adopted*, 2020 WL 633300 (S.D. Ohio Feb. 11, 2020) ("Multiple courts including the Sixth Circuit repeatedly have held that a short burst of pepper spray is not disproportionate to the need to control an inmate *who has failed to obey an order*.") (emphasis added) (collecting cases).

In opposing defendant's motion, plaintiff is required to "designate specific facts in affidavits, depositions, interrogatories, or other factual material" from which a reasonable jury could find in his favor. *Maston*, 832 F. Supp. 2d at 849. Plaintiff cannot rely on the allegations of his unsworn pleadings or motions to oppose defendant's properly supported motion for summary judgment. *Id*. *See Garrett v. Mich. Dep't of Corr.*, No. 3:18-cv-12844, 2020 WL 5223800, at \*2 (E.D. Mich. July 13, 2020), *report and recommendation adopted*, 2020 WL 5223283 (E.D. Mich. Sept. 1, 2020) (quoting *Viergutz*, 375 F. App'x at 485) (remaining citation omitted) ("[A] party cannot rely on allegations or denials in unsworn filings and . . a party's 'status as a pro se litigant does not alter [this] duty on a summary judgment motion.'"). *See also* Fed. R. Civ. P. 56(c)(4). Plaintiff has presented no evidence in this case and appears to rely on his unsworn filings.

The Court finds that plaintiff has not submitted evidence to create a genuine issue of material fact as to whether defendant's use of OC spray was objectively reasonable under the circumstances. There is no dispute that plaintiff was verbally abusive and causing a disruption when he was ordered to the front of his cell for a search. Plaintiff refused to comply with the officers' direct orders, grabbed a bottle of an unknown liquid substance, and swore at the

11

officers. Defendant deployed a short burst of OC spray to prevent plaintiff from throwing the unknown liquid on the officers. Plaintiff then complied with the cell and strip search. There is no dispute of fact that the force used by defendant was reasonable and in response to plaintiff's recalcitrant actions and refusal to obey direct orders. *See Johnson v. Dillow*, No. 1:16-cv-503, 2019 WL 110982, at *4 (S.D. Ohio Jan. 4, 2019), *report and recommendation adopted*, 2019 WL 977885 (S.D. Ohio Feb. 28, 2019) ("The evidence establishes that the use of pepper spray by [the defendant] was a reasonable and minimal response to a noncompliant [plaintiff]."). *See also Jeter*, 2019 WL 5066851, at *6 ("No reasonable fact-finder could conclude that [the defendant's] brief and reflexive use of pepper spray, in the furtherance of maintaining officer safety and restoring discipline in the face of a defiant and recalcitrant prisoner, violated the Eighth Amendment."). Because plaintiff cannot satisfy the objective and subjective components of his Eighth Amendment excessive force claim, defendant's motion for summary judgment should be granted. *See Brevaldo*, 2020 WL 264352 at *5.

Defendant also argues that he is entitled to qualified immunity because his actions were reasonable and plaintiff has not demonstrated the violation of a constitutional right. "Qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Dillow*, 2019 WL 110982, at *4 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)), *5 (The inmate-plaintiff was ordered "several times to comply with the directives and Plaintiff refused. As such, Plaintiff has failed to establish that he suffered a deprivation of any clearly established statutory or constitutional right that a reasonable official would understand violated the same.").

To deny a defendant qualified immunity, a plaintiff must satisfy two prongs: (1) taken in the light most favorable to the plaintiff, "do the facts alleged show that the officer's conduct violated a constitutional right, and (2) if a violation could be made out on a favorable view of the parties' submission, was the right clearly established at the time of the injury?" *Oliver v. Greene*, No. 1:12-cv-371, 2014 WL 1153247, at *5 (S.D. Ohio Mar. 21, 2014) (citation omitted), *aff'd*, 613 F. App'x 455 (6th Cir. 2015).  "To deny the officer[] qualified immunity, the Court must deem [his] use of force under the circumstances objectively unreasonable." *Id.* at *10 (citing *Fettes v. Hendershot*, 375 F. App'x 528, 533 (6th Cir. 2010)).

Given the Court's conclusion that defendant is entitled to summary judgment because his use of force was objectively reasonable, plaintiff fails to satisfy the first prong necessary to deny defendant qualified immunity.  Defendant is entitled to qualified immunity on plaintiff's Eighth Amendment excessive force claim.

## III.  Plaintiff's letter motion regarding service of his discovery requests and his motion to compel (Doc. 56) and declaration (Doc. 57) and defendant's motion to strike

Defendant filed a motion to strike plaintiff's letter motion regarding service of his discovery requests and his motion to compel (Doc. 56) and declaration (Doc. 57).  (Doc. 58).  Under Fed. R. Civ. P. 12(f), on its own or on motion by a party, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Whether to apply the rule is in the trial judge's discretion.  *Watkins & Son Pet Supplies v. Iams Co.*, 107 F. Supp. 2d 883, 887 (S.D. Ohio 1999), *aff'd*, 254 F.3d 607 (6th Cir. 2001).  "Because striking a portion of a pleading is a drastic remedy, such motions are generally viewed with disfavor and are rarely granted."  *Id.  See also Miller v. U.S. Bank, N.A.*, No. 3:17-cv-55, 2018 WL 466426, at *3 (S.D. Ohio Jan. 18, 2018), *report and recommendation adopted*, 2018 WL 708385 (S.D. Ohio Feb. 2, 2018).  "In deciding whether to

13

strike a pleading or portions thereof, courts should consider (1) whether the material has any possible relation to the controversy and (2) whether either party would be prejudiced by allowing the pleading to stand as-is." *Miller*, 2018 WL 466426, at *3 (quoting *Amerine v. Ocwen Loan Servicing LLC*, No. 2:14-cv-15, 2015 WL 10906068, at *1 (S.D. Ohio Mar. 31, 2015)).

As Rule 12(f) contemplates striking only portions of "pleading[s,]" the Court will not strike plaintiff's letter motion regarding service of his discovery requests and his motion to compel (Doc. 56). Fed. R. Civ. P. 12(f). *Cf. Reed v. City of Memphis, Tenn.*, 735 F. App'x 192, 197 (6th Cir. 2018) (referring to Rule 7(a) of the Federal Rules of Civil Procedure defining "pleadings" and finding no error with a district court disregarding, as opposed to striking, an affidavit). Nevertheless, plaintiff cites no legal basis on which the Court would be required to serve discovery on plaintiff's behalf, as plaintiff appears to request in this motion. As it relates to plaintiff's motion to compel, the motion should be denied for the same reasons as discussed with respect to his letter motion at document number 54. This letter motion (Doc. 56) will therefore be denied as opposed to stricken.

Plaintiff's declaration appears best construed as an amended complaint. The filing alleges that "[SOCF] Staffs" have assaulted him, planted drugs in his cell, and used OC spray on an occasion different from the one forming the basis of plaintiff's complaint in this case. (Doc. 57 at PAGEID 307). The declaration also alleges other instances of misconduct directed at the SOCF inmate population in general, including issues regarding SOCF institutional mail, commissary, personal property, recreation, and the grievance process, as well as unwarranted violence. (*Id.* at PAGEID 307-310). The declaration concludes with the signatures of ten other inmates. (*Id.*).

14

Plaintiff filed his original complaint on April 23, 2020 (Doc. 4) and did not amend as a matter of course.  *See* Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course within . . . 21 days after serving it.").  "Once a party has exhausted its one-time right to amend as a matter of course, it may make further amendments only with the opposing party's consent or with leave of court."  *Green v. City of Southfield*, No. 15-13479, 2016 WL 692529, at *3 (E.D. Mich. Feb. 22, 2016) (citing *United States v. D'Agostino*, 802 F.3d 188, 192 (1st Cir. 2015)); *see also* Fed. R. Civ. P. 15(a)(2).  Accordingly, further amendments to plaintiff's complaint are not permitted absent leave of Court.  The Court accordingly will grant defendant's motion to strike plaintiff's declaration as it was filed in violation of Fed. R. Civ. P. 15(a).  *See Nicholson v. City of Westlake*, 20 F. App'x 400, 402 (6th Cir. 2001) (holding that district court did not abuse its discretion when it struck an amended complaint filed in violation of Fed. R. Civ. P. 15(a)).[4]

In sum, defendant's motion to strike will be denied as to plaintiff's letter motion (Doc. 56) and granted as to plaintiff's declaration (Doc. 57).

## IV. Plaintiff's motions: Document numbers 45, 51, and 62

Plaintiff also filed a letter motion (Doc. 45) that requests both a ruling on several of his prior motions (Docs. 28, 31, 32) and a transfer from SOCF to another institution.  With respect to the former request, plaintiff's motion will be denied as moot given the Court's prior order (Doc. 42 at PAGEID 246) (denying Docs. 28, 31), its prior Report and Recommendation (Doc. 38 at

---

[4] One of plaintiff's subsequent letter motions requests that his declaration "[b]e use[d] [as][] [e]vidence [t]o [m]y [d]isposition hearing March 10, 2021." (Doc. 62 at PAGEID 330).  This appears to refer to an SOCF hearing unrelated to the RIB hearing held in connection with the use of force incident at issue in the instant case.  To the extent plaintiff's declaration might be construed more appropriately as evidence, however, the Court notes that it is neither accompanied by the date it was made nor plaintiff's signature.  (*Id.* at PAGEID 309).  *See* 28 U.S.C. § 1746(2) (unsworn declaration must conform substantially to the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on *(date)*.  *(Signature)*") (emphasis added).

PAGEID 236), and the subsequent adoption thereof by the district judge (Doc. 49) (denying Doc. 32). Plaintiff also filed a letter motion (Doc. 51), which sought an extension of time to object to this prior Report and Recommendation (Doc. 38), on January 4, 2021—well beyond the deadline for such objection and without citing excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). Given this, coupled with the district judge's adoption of the Report and Recommendation over plaintiff's extension request (Doc. 49), this motion (Doc. 51) will be denied as moot.

Plaintiff's letter motion (Doc. 62) requests both a ruling on his declaration (Doc. 57) and a transfer from SOCF. With respect to the former request, this motion will be denied as moot given the Court's decision to strike plaintiff's declaration.

To the extent plaintiff's motions (Docs. 45, 62) seek transfer from SOCF, the Court construes them as motions for a preliminary injunction. In determining whether to issue a preliminary injunction, the Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning

each of the four factors used in determining a motion for preliminary injunction if fewer factors

are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003),

*abrogated on other grounds by Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir.

2012) (en banc).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the

merits." *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49

(6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)).  When a prisoner

requests an order enjoining a state prison official, the Court must "proceed with caution and due

deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-

277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d

432, 438 n.3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)).  In deciding if a

preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides."

*Lang v. Thompson*, No. 5:10-cv-379, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing

*Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)).  A preliminary injunction is an

extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is

entitled to such relief." *S. Glazer's Distribs. of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v.*

*Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

Plaintiff has not alleged facts sufficient to warrant a preliminary injunction in this case.

Plaintiff has made no attempt to apply the above factors to his situation.  He alleges that he has

"[b]een [a]ttacked[,]" that his rights continue to be "illegally [v]iolated[,]" (Doc. 45 at PAGEID

254), and that defendant came in contact with him and "made threat[] of [a]ssaulting [him]

[a]gain [i]f [he doesn]'t [d]rop this lawsuit" (Doc. 62 at PAGEID #: 96-98).  These conclusory,

unsworn allegations do not establish irreparable harm.  With respect to plaintiff's likelihood of

success on the merits of his case, the Court recommends that defendant's motion for summary judgment be granted. Therefore, to the extent plaintiff's letter motions (Docs. 45, 62) seek injunctive relief in the form or a transfer from SOCF, the Court finds that they should be denied.

Finally, several of plaintiff's motions contain ancillary requests for docket sheets from this case as well as Southern District of Ohio Case No. 1:20-cv-251. (*See* Docs. 45, 54, 55). These requests will be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's motion for summary judgment (Doc. 64) be **GRANTED.**

2. Plaintiff's motions (Docs. 45, 62) be **DENIED** to the extent that he seeks a preliminary injunction in the form of a transfer from SOCF.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motions (Docs. 43, 44, 51, 54, 55, 56, and 68) are **DENIED**.

2. Plaintiff's motions (Docs. 45, 62) are **DENIED** as to his request for rulings from the Court on prior motions.

3. Defendant's motion to strike (Doc. 58) be **GRANTED in part** as to plaintiff's declaration (Doc. 57) and **DENIED in part** as to plaintiff's letter motion (Doc. 56).

4. The Clerk is hereby directed to send plaintiff copies of his docket sheets in the subject case and Southern District of Ohio Case No. 1:20-cv-251.

5. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Court Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 7/26/2021

Karen L. Litkovitz
Chief United States Magistrate Judge

18

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DERRICK SWEETING,                                    Case No. 1:20-cv-290
      Plaintiff,                                    Dlott, J.
                                                     Litkovitz, M.J.

      vs.

WESLEY WELCH,
      Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation within **FOURTEEN (14) DAYS** after being served with a copy thereof.  This period may be extended further by the Court on timely motion by either side for an extension of time.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).